[Crim. No. 1137.   Third Appellate District.—August 19, 1930.]

In the Matter of the Application of CHARLES E. SOLMAN for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Lawrence J. Skirving for Respondent.

THOMPSON (R. L.), J.—This is an appeal from an order granting a writ of *habeas corpus.*

The petitioner was convicted of forgery. His term of imprisonment was fixed at five years in the state penitentiary. Without the benefit of time credits his term would expire October 24, 1930. He was paroled August 8, 1927. He violated his parole by the subsequent commission of another offense June 28, 1928. After hearing by the prison board, his parole was terminated and he was returned to prison January 5, 1929. His past and future credits were thereupon revoked in the following language: "Said prisoner, for the said offense, should be punished by a forfeiture of such time credits as he has heretofore earned, *or may hereafter* earn."

The petition alleges that the prisoner was afterward allowed four and a half months' credit on his term of commitment, which was not thereafter revoked.

■ Minutes of the board of prison directors disclose the following procedure, in part: "Warden's Report. Be It Resolved: That credits for the six month period ending June 30, 1929, computed according to the credit plan . . . adopted by the State Board of Prison Directors . . . are hereby allowed *to all prisoners* confined in the California State Prison at Folsom . . . except to those of said prisoners who are hereinafter named whose credits for said period have been disallowed. . . . The Warden of said State Prison is hereby authorized and directed to allow such credits to all prisoners whose periods of confinement . . . will have been concluded within the period of six months after the 1st day of July, 1929, and thereupon to discharge such prisoners. . . . The following are the names of the prisoners hereinabove referred to whose credits have been disallowed . . . : (Here follows the names of 77 prisoners

whose credits were disallowed, among which the name of this petitioner does not appear.}

"Action of Board: Approved July 13, 1929."

A similar resolution was adopted by the board in January, 1930, allowing time credits for the six months' period ending December 31, 1929. In this resolution also the name of this petitioner is omitted from the names appended thereto whose credits were disallowed.

We must, therefore, assume that the board intended to and did allow this petitioner the authorized schedule credits for the two six months' periods prior to December 31, 1929.

In opposition to the granting of the writ of *habeas corpus* it is asserted: (1) The board had no authority to allow the credits under section 1168 of the Penal Code; (2) There was no affirmative action of the board specifically rescinding its former resolution disallowing the credits of the petitioner, and (3) The report of the minutes of the board above quoted purports to be a mere recommendation of the warden and not a resolution allowing the time credits.

Section 1168 of the Penal Code, as amended in 1929, authorizes the board to allow time credits to prisoners. It provides in part:

"Every prisoner who has committed no infraction of the rules or regulations of the prison, or the laws of the state . . . and in whose behalf the warden of the prison shall file a report certifying that his conduct and work have been meritorious and recommending allowance of time credits to him, shall . . . be allowed time credit deductions. . . . "

With respect to the fixing of the term of imprisonment and the allowance of time credits, the amendment of section 1168 of the Penal Code only expressed by means of a specific statute what the law was as it previously existed. In the opinion of the court in *In re Daniels,* 106 Cal. App. 43 [288 Pac. 1109, 1110] it is said:

"The act of the legislature in amending section 1168 of the Penal Code in 1929, only put into section 1168, in express words, the law as previously declared by the appellate courts."

From the unambiguous language of the foregoing resolution of the board it must be assumed the board intended to allow time credits to all prisoners of that institution except those whose names were appended thereto. It is

apparent that the words "Warden's Report," which appear immediately preceding the resolutions, is no part thereof. Moreover, these resolutions appear in the record under the caption "Minutes, resolutions and actions of the board of prison directors." There would be reason for the attorney-general's contention to the effect that the foregoing resolutions do not purport to allow time credits to this petitioner on account of the former revoking of "all future credits," if these resolutions contained the same language as a former order which was adopted in 1926. That order allowed time credits for the semi-annual period ending June 30, 1926, to all prisoners at Folsom "excepting *those whose credits have been taken* by action of the Board of Prison Directors and also the numbered and named prisoners designated as follows. . . . " In the first-mentioned resolutions which are involved in this proceeding it will be observed the language which appears in the order of 1926, to wit, "excepting those whose credits have been taken," was omitted. We must, therefore, assume the board intended to and did allow credits to all prisoners except those whose names were attached thereto. Since the name of this petitioner does not appear in the excepted list following these resolutions the undisputed record entitles him to the credits therein allowed.

The formal adoption of a resolution of the board specifically allowing credits to a prisoner must be deemed by necessary implication to have the effect of vacating and superseding a former order of the same board disallowing "all future credits".

Section 1168 of the Penal Code specifically authorizes "the board to restore time credits forfeited, for good cause shown." This same section provides that a prisoner shall be allowed the time credits therein specified only upon the filing of a certificate of meritorious conduct on the part of the prisoner, by the warden, together with that officer's recommendation for such time credit allowance. The present record does not include this certificate and recommendation of the warden as required by law. There is, however, a presumption "that official duty has been regularly performed." (Subd. 15, sec. 1963, Code Civ. Proc.) In the absence of evidence to the contrary, we must assume that the foregoing resolutions of the board allowing time credits were adopted only upon the certificate of meritorious be-

havior and recommendation rendered and filed by the warden pursuant to law, covering the period for which the credits were allowed.

█ Finally it is contended that the warden had no power to recommend and the board no authority to allow credits to prisoners who were guilty of "infractions of the rules or regulations of the prison, or the laws of the state"; that since the petitioner was guilty of a subsequent violation of law in June, 1928, while he was under parole, he had forfeited all right to future credits. We cannot agree with this construction of the law. Section 1168 of the Penal Code, as it now exists, and section 1588 of the same code, as it formerly existed, provide that the board "may restore time credits forfeited for good cause shown." The statute confers upon the prison directors discretion and power to determine whether the conduct of the prisoner has been such as to entitle him to credits. For good cause the board may also restore credits which have been previously forfeited. The only limitation of authority to allow credits is to those prisoners who are guilty of infractions of the prison rules or the state laws. █ Section 1168 of the Penal Code may be reasonably construed to mean that credits may not be allowed a prisoner for a particular period during which he is guilty of such infractions of prison rules or state laws. In other words, the conduct of the prisoner must be meritorious during any period of his imprisonment for which he is awarded credits. Any other construction of this statute would destroy the very purpose of the credit system. The legislature has, therefore, wisely left with the board a discretion based upon good reason to award or restore credits for any period of imprisonment during which the prisoner is free from infraction of the prison rules and violation of law. No violation of prison rules or law are charged against the petitioner during the two six months' periods in which he was allowed the credits which are involved in this proceeding.

The order is affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1930, and

an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1930.