[Crim. No. 1144. Third Appellate District.—December 23, 1930.]

In the Matter of the Application of GEORGE F. DAVIS for a Writ of Habeas Corpus.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Lawrence J. Skirving for Respondent.

MR. PRESIDING JUSTICE FINCH DELIVERED THE OPINION OF THE COURT.—This is an appeal by the People ·from an order of the Superior Court of Sacramento County discharging the above-named George F. Davis from imprisonment in the state prison.

The petition for a writ of *habeas corpus* filed in the superior court is somewhat uncertain and defective. The return by the warden of the state prison supplies some of the defects of the petition. The matter was tried in the superior court on the theory that the matters presented by this appeal were properly in issue, and no objection having been made in the trial court, it is now too late to raise the question of the insufficiency of the petition.

The prisoner was received at the state prison February 1, 1925. Thereafter the term of his imprisonment was fixed at six years. November 9, 1927, he was released on parole; May 16, 1928, his parole was suspended; May 20, 1928, he was returned to prison; November 17, 1928, the state board of prison directors ordered all of his credits earned and to be earned forfeited. Notwithstanding the fact of such forfeiture, however, on July 13, 1929, the board adopted a resolution allowing "credits for the six months' period ending June 30, 1929, . . . to all prisoners . . . serving sentences pursuant to the provisions of section 1168 of the Penal Code . . . excepting those of said prisoners who are hereinafter named whose credits for said period have been disallowed, forfeited or revoked . . . the following are the names of the prisoners hereinbefore referred to whose credits have been disallowed, forfeited or revoked": This is followed by a list of prisoners in which the petitioner's name does not appear. On January 11, 1930, the board adopted a similar resolution in which again the petitioner's name does not appear among the list of prisoners whose credits had been "disallowed, forfeited or revoked".

The uncontradicted evidence shows that, if the petitioner is entitled to credits for the two periods mentioned, the length of his term was thereby reduced four and one-half months. This court on August 19, 1930, in *In re Solman*, 107 Cal. App. 727 [291 Pac. 224], considered the identical question presented by this appeal and held contrary

to appellant's contention. In that case a hearing was denied by the Supreme Court on September 17, 1930.

For the reasons stated in the opinion in that case the order herein is affirmed.