[Crim. No. 1154.   Third Appellate District.—June 10, 1931.]

In the Matter of the Application of F. V. DANIELS for a Writ of Habeas Corpus. THE PEOPLE, Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Lawrence J. Skirving for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a writ of *habeas corpus* which was granted by the Superior Court of Sacramento County. The controversy involves certain prison credits which were deducted from the petitioner's term of imprisonment.

The petitioner was convicted of the offense of receiving stolen property and sentenced to Folsom State Prison. He was received in that institution June 27, 1925. His term was subsequently fixed by the board of prison directors at five years' imprisonment. Without the benefit of prison credits he would not have been entitled to his discharge until May 3, 1931. In 1928 he was admitted to parole. During the period of his parole he was convicted of a subsequent offense and served time as punishment therefor in the county jail at Los Angeles. His parole was thereupon revoked and he was returned to Folsom State Prison May 14, 1929. Upon hearing, the board of prison directors found that he was guilty of a violation of his parole, and ordered that he be punished "by a forfeiture of such time credits as he has heretofore earned, *or may hereafter earn*". Thereafter the board of prison directors duly adopted a resolution on January 26, 1929, awarding *all prisoners* of that institution, except those whose names were affixed to the document, the credits computed according to the provisions of section 1168 of the Penal Code, for a six months' period ending December 31, 1929. This order covers the six months' period following the former revocation of his credits. No infractions or violation of prison rules is charged against the petitioner during this period of time. That resolution provided that prison credits shall be "allowed [for the six months' period ending December 31, 1929] to *all prisoners* confined in the California State Prison at Folsom,

*. . . except to those of said prisoners who are hereinafter named* whose credits for said period have been disallowed, forfeited or revoked''. The name of the petitioner was not included in this excepted list of prisoners which was attached to the resolution. The names of forty-seven other prisoners were attached to the order. The warden was then directed by the terms of this resolution to allow such credits to each of the prisoners whose terms expired ''within the period of six months after the first day of January, 1930''. The language of this resolution clearly exempts from the benefit of credits during the specified period of six months only such prisoners ''who are hereinafter named''. All other prisoners of the institution were specifically awarded the benefit of prison credits during that period of time. This language is too definite and certain to be misunderstood.

The appellant concedes that if the petitioner was entitled to the benefit of his credits during this last period of six months following his return to the state prison by virtue of the foregoing resolution, he was then properly discharged. The appellant, however, contends that the petition for a writ of *habeas corpus* is fatally defective because it fails to allege that these claimed credits were not subsequently revoked; that the revocation of former credits by the board of prison directors exhausted its jurisdiction and that it was powerless to thereafter award credits to the petitioner for subsequent good behavior; that the awarding of credits for good behavior would first require a specific rescinding of the former order revoking all credits which the prisoner ''may hereafter earn''.

Every contention of the state in the present action is determined adversely to it in the case of *Ex parte Solman*, 107 Cal. App. 727 [291 Pac. 224]. A petition for a rehearing of this case by the Supreme Court was subsequently denied. The case of *Ex parte Davis*, 110 Cal. App. 616 [294 Pac. 408], is also authority against the appellant in the present case upon his chief contention.

The allegations of the petition are sufficient under the circumstances of this case. There was no demurrer or objection to the sufficiency of the petition in the lower court. The matter was tried upon the theory that its allegations were adequate. Without objection proof was

adduced to the effect that the credits of which the petitioner claims the benefit were not revoked. Mr. Mundt, the assistant clerk of the prison board, testified: "Q. There never has been a resolution of the board taking away these particular credits? A. No, sir." It is therefore too late to urge this defect of the petition for the first time on appeal.

The jurisdiction of the board of prison directors was not exhausted by revoking certain credits due to the prisoner for good behavior in the past or which he might earn in the future. Section 1168 of the Penal Code specifically authorizes the board of prison directors to restore credits which it has previously forfeited. (*Ex parte Solman, supra.*) That section of the code provides in part: "The board shall have power to restore credits forfeited, for such reasons as by them seem proper." In the present case the board did specifically restore the credits earned by the petitioner for the six months' period ending December 31, 1929. It must be assumed that adequate reason for so doing appeared to the board. The board is granted a discretion in this matter by the very terms of the statute. In the absence of an abuse of discretion on the part of the board, its conclusions in that regard may not be interfered with.

The subsequent adoption of a resolution by the board awarding credits to all prisoners except those whose names were attached to the document, constituted a sufficient rescinding by implication of the former order disallowing "all future credits". This same contention was made in the Solman case, *supra.* Regarding this matter it is there said: "The formal adoption of a resolution of the board specifically allowing credits to a prisoner must be deemed by necessary implication to have the effect of vacating and superseding a former order of the same board disallowing 'all future credits'."

In this petition for a writ of *habeas corpus* for the discharge of a prisoner the board may not be heard to impeach the clear, unambiguous language of its written records which award time credits to the petitioner. The petitioner is entitled to his discharge upon the showing in the present case.

The order for the writ is affirmed.

Preston, P. J., and Plummer, J., concurred.