255 P.2d 333

**Ex parte DALTON.**

No. 7961.

Supreme Court of Idaho.

March 23, 1953.

See also, 72 Idaho 451, 243 P.2d 594.

Gigray & Boyd, Caldwell, for appellant.

Robert E. Smylie, Atty. Gen., J. N. Leggat, Leonard H. Bielenberg, Assts. Atty. Gen., for respondent.

GIVENS, Justice.

May 6, 1942, appellant began service in the State Penitentiary of a sentence for not less than ten nor more than twelve years for conviction of murder in the second degree.

At a regularly called meeting of the Board May 29, 1952, appellant being present and permitted to question the witness and make such statement as he desired, all accumulated good time earned by appellant to August 3, 1949, was revoked by the Board because of his failure to carry out orders of, and threats against, prison personnel.

July 17, 1952, appellant by habeas corpus sought in the District Court his release on the contention good time accumulated since August 3, 1949, justified the same. Hearing was had thereon July 28, 1952, and release denied and writ quashed September 17, 1952.

The learned trial court properly held that Sections 20–417 and 20–419, I.C. A. (1932), applied to appellant as being substantive rights in force and effect when he was sentenced, Section 20–417, I.C.A., not having been expressly repealed until 1947, S.L.1947, Ch. 53, p. 59. Ex parte Lee, 177 Cal. 690, 171 P. 958; Ex parte Mann, 192 Cal. 165, 219 P. 71.

The 1946 amendment to Article IV, Section 7 of the Idaho Constitution does not indicate it was to apply to offenses or convictions prior thereto; thus operated only prospectively and, hence, did not cut off appellant's rights under Sections 20–417 and 20–419, I.C.A. Rives v. O'Hearne, 64 App.D.C. 48, 73 F.2d 984; City of Prescott ex rel. Lodge v. O'Sullivan, 46 Ariz. 551, 53 P.2d 69; State ex rel. Hyams' Heirs v. Grace, 197 La. 428, 1 So.2d 683; State v. Spence & Goldstein, La.App., 6 So.2d 102; 11 Am.Jur. 641; Shreveport v. Cole, 129 U.S. 36, 9 S.Ct. 210, 32 L.Ed. 589; Luikart v. Higgins, 130 Neb. 395, 264 N.W. 903; Key System Transit Co. v. City of Oakland, 124 Cal.App. 733, 13 P.2d 979; Hop-

544

kins v. Anderson, 218 Cal. 62, 21 P.2d 560; McGrew v. Industrial Commission, 96 Utah 203, 85 P.2d 608; State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219; 16 C.J.S., Constitutional Law, § 40(a), p. 80.

Lack of an amendment to expressly abrogate rights is entirely different from removing the basis for a criminal statute. See United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763; 16 C.J.S., Constitutional Law, § 40(d), p. 86.

■■ The learned trial court concluded that after losing good time allowance because of bad conduct, appellant could only regain any good time, limited to a percentage to be determined by the warden and the Board, and as a matter of privilege or grace and the record did not show the Board had given any credit. The fallacy of this conclusion lies in overlooking the part of the order of the Board which disallowed good time only up to August 3, 1949. Both Section 20–419, I.C.A. and Section 20–229, I.C., require affirmative action, after hearing by the Board, before good time is revoked. The only good time

revoked by the Board was up to August 3, 1949; thus, there was no revocation of subsequent good time as in Ex parte Davis, 110 Cal.App. 616, 294 P. 408; In re Daniels, 114 Cal. 698, 300 P. 878; or treating all good time as a unit as in Carroll v. Zerbst, 10 Cir., 76 F.2d 961. Appellant's good time under Section 20–417, I.C.A., therefore, began to run again from August 3, 1949, and if not revoked by the Board (which in view of the Board's previous restricted order could only be for misconduct or infraction of the rules occurring since August 3, 1949) prior to the time such accumulated good time was sufficient in extent to require his release, he is entitled thereto. Ex parte Solman, 107 Cal. App. 727, 291 P. 224.

Appellant's maximum sentence would expire May 6, 1954. August 3, 1949, there remained four years, nine months and three days of the maximum sentence. In August, 1949, appellant, being in the seventh year of his actual incarceration under Section 20–417, I.C.A.,[1] by August 3, 1950, had served the equivalent of two years; August 3, 1951, four years; August 3, 1952, six

[1] "Every convict imprisoned in the state prison who has no infraction of the rules and regulations of the penitentiary recorded against him, and who performs the duties assigned to him in an orderly and peaceful manner, must be allowed, as a commutation of his sentence, a deduction of one month for the first year, two months for the second year, three months for the third year, four months for the fourth year, five months for the

fifth year, and six months in each of the remaining years of said term. But if any convict escapes, or attempts to escape, from any prison, or commits an assault upon his keeper or any foreman, officer or convict, or otherwise endangers life, he forfeits any and all deductions from the time of his sentence to which he may have been entitled before the commission of such offense."

years; thus, more than the remaining maximum sentence had been served at the time of the hearing. If only six-month periods coterminous with service of the sentence should be considered, from November 6, 1949 to May 6, 1952 is the equivalent of five years; thus, by the time of the application and hearing, more than the required service had expired. Appellant, therefore, is entitled to his release. Ex parte Blocker, 69 Colo. 259, 193 P. 546.

The judgment quashing the writ and denying his release is, therefore, *reversed* and the cause remanded to the District Court with directions to forthwith enter an order immediately releasing appellant from the penitentiary.

PORTER, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.