## No. 19,458.

RICHARD A. MCQUADE *v.* MARIE MCQUADE.

(358 P. [2d] 470)

Decided December 30, 1960.

Mr. NATHAN LEE BAUM, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

IN previous litigation between these parties, under the statute formerly in effect, viz., C.R.S. '53, 46-1-4, the wife sued the husband for separate maintenance and the husband sued the wife for divorce, both charging cruelty. The two actions were consolidated for trial, whereupon the court found that both had in fact been guilty of cruelty and dismissed the complaints.

The instant action filed November 18, 1959, designated a suit in equity for maintenance and support, was commenced by the wife some eight months after entry of final judgment in the previous litigation. In the complaint she prayed for an order of support for herself and the minor child of the parties who is living with her, recovery of certain sums totaling $1,000.00 that she had personally spent to support the child, attorney's fees, and costs, alleging that her husband had deserted her and was refusing adequate support to the child.

The trial court entered an order awarding the wife the sum of $75.00 a month as future support for the child and $100.00 as attorney's fees.

Defendant, husband, by writ of error, urges as grounds for reversal substantially the same arguments raised in the trial court: (1) that the amended complaint does not state a claim upon which relief can be granted, (2) that the ruling in the previous separate maintenance and divorce action was res adjudicata as to all issues presented in the instant action, (3) that the court lacked jurisdiction of the subject matter, and (4) that the court made no finding of the fact of desertion and that no desertion in fact existed, and (5) that the court erred in awarding attorney's fees.

Allegations (1), (3) and (4) are premised upon the contention of defendant that in the absence of a showing of some ground upon which a divorce might be granted no claim for relief can exist to compel the father of a

minor child to provide adequate support for such child in situations where he has refused and is continuing to refuse to do so. Counsel cites no authority for such contention, and we are not persuaded that any can be found supporting such theory as a valid or reasonable principle of law.

■ ˙ Both the common law and Colorado case law establish that the primary obligation for the support of a minor child lies upon its father. See *Garvin v. Garvin* (1941), 108 Colo. 415, 118 P. (2d) 769, and *Desch v. Desch* (1913), 55 Colo. 79, 132 Pac. 60. The fact that the mother is self-supporting does not serve to relieve the father of his obligation. The father being under a legal duty or obligation to support his child in an adequate manner, resort to the courts may be had to enforce compliance. The fact that the father here had been sending monthly sums deemed by the trial court to be inadequate cannot vitiate the action. Nor is it made nonmaintainable because of statutory preceedings relating to the support of children in divorce, separate maintenance, and annulment actions (C.R.S. '53, Ch. 46) nor because of the statute relating to dependent and neglected children (C.R.S. '53, ch. 22). The latter is not applicable here because the mother in fact has been supporting the child. The inherent right to support belongs to the child, and there exists no reason to hinge the enforcement of such right upon the existence or non-existence of a statutory right in the mother to obtain a divorce or separate maintenance; or upon a statute designed for children neglected by both parents. The rights of the child exist independent of the rights of the mother, and are enforceable in equity in the absence of a statute providing for relief in the express circumstances. Any other result would indeed be anomalous, for a legal duty that cannot be enforced by legal sanction is specious at best.

■ Further, we can find no merit in the contention that all issues presented are res adjudicata by the former

litigation. It is difficult to conceive how a dismissal of complaints seeking divorce and separate maintenance can be held conclusively to determine the right of a minor child to compel adequate support by its father. Nor can the question of alleged desertion by the husband have any bearing on the question of child support.

██ Nor is there merit to defendant's contention that the trial court erred in awarding attorney's fees to the wife.

In *McQuade v. McQuade*, 144 Colo. 11, 354 P. (2d) 597, we said:

"Courts of equity have ever been solicitous of the welfare of infants and may be resorted to to enforce the rights of infants seeking the support of their fathers. Where such relief is sought, it may be proper for the court to allow such sums as may be reasonably required to pay all the expenses of having the infant's rights properly protected."

The judgment is affirmed.

MR. JUSTICE HALL did not participate.