## No. 26085

**The People of the State of Colorado v.
Larry Lee Elliott**
(525 P.2d 457)

Decided August 12, 1974.

Dale Tooley, District Attorney, Second Judicial District, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Duncan W. Cameron, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Pursuant to the duty enjoined upon him by Colo. Sess. Laws 1972, ch. 44, 39-12-102 at 253, the district attorney has appealed from an order of the Denver district court which declared the felony-nonsupport statute, C.R.S. 1963, 43-1-1, unconstitutional. Because the statute applies only to men, the court found it to be violative of Article II, Section 29, of the Colorado Constitution, commonly known as the Equal Rights Amendment. The court therefore dismissed an information filed January 15, 1973, charging defendant-appellee with felony-nonsupport of his three children during a period of time commencing June 1, 1968, through October 4, 1972. We reverse the judgment of the district court and remand the cause with directions to reinstate the information.

We are here concerned with those portions of the felony-nonsupport statute dealing with the nonsupport of minor children. It has been brought to our attention that the statute has since been amended to place the obligation of support and impose punishment for violation thereof on both parents. This amendment, which became effective July 1, 1973, is not applicable to the case at bar.

The Equal Rights Amendment became effective January 11, 1973. The amendment provides:

"*Equality of the sexes.* Equality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex."

In our opinion, the court erred in applying the Equal Rights Amendment to prohibit the prosecution of the alleged criminal conduct which, as noted above, occurred prior to the effective date of the amendment. The presumption is that a constitutional amendment is to be given only prospective application unless the intention to make it retrospective in operation clearly appears from its terms. *Shreveport v. Cole,* 129 U.S. 36, 9 S.Ct. 210, 32 L.Ed. 589; *Strickler v. Colorado Springs,* 16 Colo. 61, 26 P. 313; *American Federation of Labor v. American S. & D. Co.,* 67 Ariz. 20, 189 P.2d 912; *State ex rel. Reynolds v. Roan,* 213 So.2d 425 (Fla.); *Emp. Ret. System v. Budget Dir. HO.,* 44 Haw. 154, 352 P.2d 861; *Ex parte Dalton,* 73 Idaho 542, 255 P.2d 333; *State v. Spence & Goldstein,* 6 So.2d 102 (La. App.); *Dutcher v. Hatch,* 19 A.D.2d 341, 243 N.Y.S.2d 80; *Kneip v. Herseth,* 87 S.D. 642, 214 N.W.2d 93. There is no language in the Equal Rights Amendment from which an intention appears to make the amendment retrospective in its operation. It was therefore error for the trial court to dismiss the information on the basis of the Equal Rights Amendment.

Appellee raised the further issue in the trial court, and does here, that the nonsupport statute under which he was charged violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The court specifically declined to consider this constitutional issue, basing its decision solely on the Equal Rights Amendment. Since the issue is a matter of law, we deem it advisable to determine it here rather than to remand it to the trial court.

Appellee's contention is that the statute creates an unreasonable and arbitrary classification resulting in an invidious discrimination against fathers, in favor of mothers, and therefore denies him equal protection of the laws. We disagree with this assertion. The parental duty of support — said to be a principle of the natural law and everywhere recognized as a moral obligation of parents towards their children — has for decades in Colorado been recognized as

the primary responsibility of the father. *McQuade v. McQuade,* 145 Colo. 218, 358 P.2d 470; *Garvin v. Garvin,* 108 Colo. 415, 118 P.2d 768; *Desch v. Desch,* 55 Colo. 79, 132 P. 60. *See generally* 59 Am. Jur. 2d *Parent and Child* § 51. The passage of the first nonsupport statute, Colo. Sess. Laws 1893, ch. 74 § 1 at 126, represented an apparent policy determination by our general assembly that, by reason of the respective cultural, social and economic differences between the two parents, the father was better able to provide the support for his children than the mother, whose primary duties were the care and maintenance of the children and the home. To better ensure that the father carried out his primary duty of support, penal sanctions were imposed under the police power of the state in the interest of the general welfare and specifically to protect the child's well-being and to prevent his becoming a public charge.

As heretofore observed, the general assembly in 1973 by Colo. Sess. Laws 1973, ch. 160, 43-1-1 at 547, reassessed the relative responsibilities of the parents with regard to support of their children and imposed an obligation on the mother equal to that of the father. This enlargement of the scope of protection for minor children suggests a legislative view that the role of the mother has expanded beyond the domestic sphere to which it had been relegated and that the economic abilities and opportunities of the parents are more nearly on a parity concerning their capability of providing support for their children.

It does not follow, however, that this enlargement of protection for children in any way renders invalid the prior statute which imposed the obligation and sanction only on the father and not on the mother. That the initial legislation might have gone further than it did in 1893 in its adoption of a remedy to lessen the evils attendant the nonsupport of children does not render it constitutionally invalid. *See Goesaert v. Cleary,* 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163. A remedial statute does not become invalid because it does not cure every facet of the problem sought to be cured. *McDonald v. Board of Election,* 394 U.S. 802, 89

S.Ct. 1404, 22 L.Ed.2d 739; *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393. In *McDonald v. Board of Election, supra,* the Supreme Court observed:

"* * * With this much discretion, a legislature traditionally has been allowed to take reform 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind,' *Williamson v. Lee Optical of Oklahoma, Inc.,* 348 U.S. 483, 489 (1955); and a legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked. * * *"

*See also Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, where the Court stated that in the area of economics and social welfare the Equal Protection Clause is not violated merely because the classifications made are imperfect, even though some inequity results, so long as there is a reasonable basis for classifications.

▇▇▇ We do not consider the classification here as being a suspect "gender-based" classification, which denies rights and benefits by reason of sex alone. More than sex is involved in securing to a minor child the support of his parents. We are concerned with the parental responsibilities which inhere in the parent-child relationship. The traditional equal protection test therefore is applicable here. To pass constitutional muster under the Equal Protection Clause, "A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation * * *.' " *Reed v. Reed,* 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225, quoting *Royster Guano Co. v. Virginia,* 253 U.S. 412, 40 S.Ct. 560, 64 L.Ed. 989. *People v. Yeager,* 182 Colo. 397, 513 P.2d 1057. *See also Lee v. People,* 170 Colo. 268, 460 P.2d 796.

As previously noted, the felony nonsupport statute is designed to promote and protect the health and welfare of minor children and to prevent such children from becoming wards of the state. These are obviously legitimate state ends. *See Norquist v. Norquist,* 89 Colo. 486, 4 P.2d 306. The

means by which the legislature sought to obtain those ends — by imposing criminal liability on defaulting fathers alone — in our view are founded on a sufficient rationality to sustain the classification. The proposition, that men generally are more economically favored and, therefore, better able to support their children, is not entirely an obsolete concept. In April of this year the United States Supreme Court gave judicial notice to this view in sustaining a five hundred dollar property tax exemption to widows but not to widowers, in *Kahn v. Shevin,* 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189. The Court observed:

"There can be no dispute that the financial difficulties confronting the lone woman in Florida or in any other State exceed those facing the man. Whether from overt discrimination or from the socialization process of a male dominated culture, the job market is inhospitable to the woman seeking any but the lowest paid jobs. * * *"

As in *Kahn v. Shevin, supra,* we are not faced with "a case like *Frontiero v. Richardson,* 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583, where the Government denied its female employees both substantive and procedural benefits granted males *'solely* for administrative convenience.' * * *" We deal here with a statute designed to further the state policy of protecting the health and welfare of its minor citizens. In meeting this end, by placing the primary obligation on the father, we cannot say that the state has breached the bounds of reasonableness.

We find the classification under the statute here involved to be reasonable, and not arbitrary, and founded on a ground of difference having a fair and rational relation to the object of the legislation. In our view the statute does not deny appellee equal protection of the laws.

Appellee's motion asserted as a third ground for dismissal that the nonsupport statute contravened the prohibition against imprisonment for debt, in violation of Article II, Section 12, of the Colorado Constitution. This argument has been considered and rejected as without merit in *Martin v. People,* 69 Colo. 60, 168 P. 1171.

The judgment is reversed and the cause remanded with directions to reinstate the information.

MR. JUSTICE GROVES does not participate.