**No. 27370**

**Estate of Annette D. Phillips, M.I., Dwight A. Hamilton, Conservator v. State of Colorado**

(558 P.2d 438)

Decided December 20, 1976.

Fuller and Evans, James P. Stouffer, for plaintiff-appellee.

---

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Joseph N. de Raismes, First Assistant, Deborah L. Bianco, Assistant, for defendant-appellant.

Betty L. Nordwind, for Mental Health Law Project, Legal Aid Society of Metropolitan Denver, Inc., amicus curiae.

Edward S. Kahn, for ACLU Foundation of Colorado, amicus curiae.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

In 1972, following adjudication of Annette D. Phillips under the former commitment statute (Section 27-9-101, *et seq.*) as a mental incompetent, a conservatorship estate was created and Dwight A. Hamilton was appointed as conservator thereof. Section 27-10-114, C.R.S. 1973, originally enacted in 1973 and amended in 1974, provides:
"Any person who, by reason of a judicial decree entered by a court of this state prior to July 1, 1975, is adjudicated mentally ill shall, on July 1, 1976, be deemed to have been restored to legal capacity and competency unless, before July 1, 1976, a petition for the appointment of a guardian or conservator is filed with the court which entered the adjudication."

The estate and conservator brought this action for a declaratory judgment, praying that the statute be held unconstitutional. The district court so held, and we affirm.

The history of — and problems arising by reason of — this statute are related in "The CPC[1] and the Colorado Mental Health Act," 5 Colorado Lawyer 1310 (Sept. 1976).

■ Those adjudicated as incompetent or mentally ill compose a class. This statute obviously discriminates against a person within this class as to whom a petition for the appointment of a guardian or conservator has been filed. Other persons in the same class are automatically restored to competency in the absence of an *ex parte* act of someone in making such a filing. For analagous authority *see People v. Elliott*, 186 Colo. 65, 525 P.2d 457 (1974).

While the district court predicated its ruling upon additional grounds, we affirm it on the basis of a violation of the equal protection clause.

---

[1] Meaning the Colorado Probate Code.

Judgment affirmed.

MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.