MR. JUSTICE GROVES
delivered the opinion of the Court.
In 1972, following adjudication of Annette D. Phillips under the former commitment statute (Section 27-9-101, et seq.) as a mental incompetent, a conservatorship estate was created and Dwight A. Hamilton was appointed as conservator thereof. Section 27-10-114, C.R.S. 1973, originally enacted in 1973 and amended in 1974, provides:
“Any person who, by reason of a judicial decree entered by a court of this state prior to July 1, 1975, is adjudicated mentally ill shall, on July 1, 1976, be deemed to have been restored to legal capacity and competency unless, before July 1, 1976, a petition for the appointment of a guardian or conservator is filed with the court which entered the adjudication.”
The estate and conservator brought this action for a declaratory judgment, praying that the statute be held unconstitutional. The district court so held, and we affirm.
The history of — and problems arising by reason of — this statute are related in “The CPC[1] and the Colorado Mental Health Act,” 5 Colorado Lawyer 1310 (Sept. 1976).
Those adjudicated as incompetent or mentally ill compose a class. This statute obviously discriminates against a person within this class as to whom a petition for the appointment of a guardian or conservator has been filed. Other persons in the same class are automatically restored to competency in the absence of an ex parte act of someone in making such a filing. For analagous authority see People v. Elliott, 186 Colo. 65, 525 P.2d 457 (1974).
While the district court predicated its ruling upon additional grounds, we affirm it on the basis of a violation of the equal protection clause.
*275 Judgment affirmed.
MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.

 Meaning the Colorado Probate Code.