ROY L. TORVINEN, Appellant, v. ANN ROLLINS as Registrar of Voters, and WILLIAM D. SWACK-HAMER as Secretary of State, Respondents.

No. 9433

March 9, 1977                    560 P.2d 915

*John Tom Ross* and *Robert A. Grayson,* Carson City, for Appellant.

*Robert List,* Attorney General, *Donald Klasic,* Deputy Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Russell S. Nash,* Deputy District Attorney, Washoe County, for Respondents.

**OPINION**

*Per Curiam:*

On November 2, 1976, Nevada voters approved a constitutional amendment which increased the elective term of office for district court judges from four to six years.[1] Thereafter, appellant sought a declaratory judgment stating the amendment had no effect on the term of office of incumbent judges. However, the district court ruled the amendment applied retroactively to all judges holding office at the time it was adopted, thereby extending their four year terms to six years. Since we conclude the amendment became effective on the date the votes for the amendment were canvassed and the amendment has only prospective application, the district court's judgment is reversed.

Shamberger v. Ferrari, 73 Nev. 201, 314 P.2d 384 (1957), left open the question whether an amendment, such as this, adopted pursuant to article 16 of Nevada's Constitution, becomes effective on the date of election or upon the canvassing of the votes by the supreme court. Article 16, section 1, is silent on the subject and only provides: "[I]f the people shall approve and ratify such amendment or amendments by a majority of the electors qualified to vote for members of the Legislature voting thereon, such amendment or amendments shall . . . become a part of the Constitution." However, guidance is given elsewhere in our constitution.

---

[1]The amendment, now included in article 6, section 5, of Nevada's Constitution, provides in pertinent parts:

"The District Judges shall be elected by the qualified electors of their respective districts, and shall hold office for the term of [four Years] *6 years* (excepting those elected at said first election) from and including the first Monday of January, next succeeding their election and qualification; . . ." See: 1975 Nev. Stats. 1931–34.

Article 5, section 4, requires the justices of the supreme court to canvass the election returns and declare "the results of the vote cast upon any question submitted to the electors of the State of Nevada." This canvass is as much a part of the amendment process as the casting of votes by the electorate, for without it, no determination that the majority had voted favorably for the amendment could be made. See: Opinion of the Justices, 287 N.E.2d 910 (Mass. 1972); State v. Kyle, 65 S.W. 763 (Mo. 1901). Thus, the canvass is an adjunct to the amendment process, and to hold an amendment becomes effective before the date of canvass would, in the event the canvass showed a different result, thwart the will of the electorate.

We therefore determine a constitutional amendment adopted pursuant to article 16 becomes effective upon the canvass of the votes by the supreme court. See: Torres v. State, 278 S.W. 2d 853 (Tex.Crim.App. 1955); Opinion of the Justices, 36 So. 2d 499 (Ala. 1948); City of Duluth v. Duluth St. Ry. Co., 62 N.W. 267 (Minn. 1895). This provides uniformity for the effective date of amendments adopted pursuant to article 16 and those adopted pursuant to the initiative procedures of article 19, which specifically mandates such amendments "become a part of this constitution upon completion of the canvass of votes by the supreme court." Nev. Const. art. 19, § 2.

As a general rule, a constitutional amendment is to be given only prospective application from its effective date unless the intent to make it retrospective clearly appears from its terms. People v. Elliot, 525 P.2d 457 (Colo. 1974); Drennen v. Bennett, 322 S.W.2d 585 (Ark. 1959). Here, the amendment is void of any terms indicating the legislature or electorate intended retrospective application. Cf. Rice v. Wadkins, 92 Nev. 631, 555 P.2d 1232 (1976).

Therefore, the amendment applies prospectively only to elections held after its effective date, and the district court's judgment is reversed.