**The STATE of Utah, Plaintiff and Respondent,**

v.

**James Christopher WACEK, Defendant and Appellant.**

**No. 20462.**

Supreme Court of Utah.

June 25, 1985.

Rehearing Denied July 30, 1985.

Gregory M. Warner, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

Defendant was convicted of the crime of possession of a dangerous weapon by a restricted person in violation of U.C.A., 1953, § 76–10–503(1). On appeal, he seeks reversal of his conviction on the ground that the statute is unconstitutional.

The case was submitted to the trial court on stipulated facts. On July 3, 1984, police officers in Utah County stopped a vehicle they suspected was being driven by a person under the influence of alcohol. Defendant, sitting in the right front seat of the vehicle, was also believed to be in an intoxicated condition. When an officer approached and asked defendant to exit the vehicle, he did not respond. The officer repeated the request, and when defendant still did not respond, the officer opened the passenger door. Between the passenger seat and the passenger door, in the immediate area of defendant's right hand, the officer observed a shotgun. The hammer on the shotgun was pulled back completely, and it was later determined that the shotgun was loaded and the safety was off. When searched, defendant was found to have two shotgun shells in his pocket. Other firearms were found on the back seat and in the trunk of the vehicle.

Defendant previously had been convicted of aggravated assault, a crime of violence. He was charged with possession of a dangerous weapon by a restricted person in violation of U.C.A., 1953, § 76–10–503(1). Said statute provides, in part, that "any person who has been convicted of any crime of violence ... shall not own or have in his possession or under his custody or control any dangerous weapon...." Defendant moved to dismiss the charge, arguing that the statute is repugnant to article I, section 6 of the Utah Constitution (pertaining to the right to bear arms). After a hearing, defendant's motion was denied, and he was found guilty as charged.

On appeal, defendant urges that the statute is unconstitutional by virtue of a change in the language of article I, section 6. The constitutional amendment was approved by the electorate in November 1984 and took effect on January 1, 1985. Even assuming that the amendment changed substantive rights under the Utah Constitution, defendant is not in a position to advance a claim under the amendment. A constitutional amendment is to be given only prospective application, unless the in-

**298**

tent to make it retrospective clearly appears from its terms. *Torvinen v. Rollins*, 93 Nev. 92, 560 P.2d 915, 917 (1977); *People v. Elliott*, 186 Colo. 65, 68, 525 P.2d 457, 458 (1974). *See also Snow v. Keddington*, 113 Utah 325, 336, 195 P.2d 234, 239 (1948). Defendant was charged by information dated July 6, 1984, for the commission of an offense on July 3, 1984. Under the constitutional language then in effect, the challenged statute was clearly constitutional. *State v. Beorchia*, Utah, 530 P.2d 813 (1974). *See also State v. Vlacil*, Utah, 645 P.2d 677 (1982).

Defendant's conviction therefore must be, and is, affirmed.