**COUNTY OF DAKOTA and Meredith Marie Woytcke, a minor child, Respondents,**

v.

**Donald Ray HENDRICKSON, Appellant.**

No. C9–91–1904.

Court of Appeals of Minnesota.

March 24, 1992.

Review Denied May 15, 1992.

James Backstrom, Dakota County Atty., Kathryn E. Peterson, Asst. County Atty., Hastings, for County of Dakota.

Jeffrey S. Sheridan, Strandemo & Associates, Inver Grove Heights, for Meredith Marie Woytcke.

Seth M. Colton, Laura J. Davis, Maun & Simon, St. Paul, for Donald Ray Hendrickson.

Considered and decided by CRIPPEN, P.J., and PARKER and STONE,* JJ.

## OPINION

CRIPPEN, Judge.

In the child's separate parentage proceeding, the court established a support obligation for the period beginning two years preceding this action. Appellant contends that while the court was empowered to adjudicate the child's parentage, it could not award support in the child's independent action.

## FACTS

Respondent Meredith Marie Woytcke was born in November 1983. In 1984, respondent's mother, Lynn Marie Woytcke, and Hennepin County began parentage proceedings against appellant Donald Ray Hendrickson in Hennepin County. Those proceedings were dismissed in October 1984.[1] The present proceedings were instituted by the child and Dakota County in June 1987. The parties have stipulated to a number of facts, including appellant's paternity. The court adjudicated paternity and awarded the child $518 per month in child support, effective April 15, 1991, and a money judgment of $37,678.76, representing support from June 19, 1985 to April 14, 1991.[2] Because Dakota County had fur-

---

\* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

1. The dismissal was not a court-approved pretrial compromise and settlement undertaken pursuant to Minn.Stat. § 257.64 (1984), which calls for court approval before a pretrial compromise and settlement is binding.

2. Minn.Stat. § 257.66, subd. 4 (1990) limits a parent's liability for past support to a just portion of those expenses "incurred in the two years immediately preceding the commencement of the action."

nished support for the child between 1987 and 1991, $14,789 of the money judgment favored the county.

## ISSUE

■ Does a child's independent parentage proceeding include a claim for child support?

## ANALYSIS

The parties agree that the child has an independent right to bring a parentage action even where a proceeding initiated by the mother has been dismissed with prejudice. *See Johnson v. Hunter,* 447 N.W.2d 871 (Minn.1989); Minn.Stat. § 257.57 (1990). However, appellant contends that there is no statutory authority which establishes a child's independent right to support. This contention is without merit.

Minn.Stat. § 257.66, subd. 3 (1990) provides that an order issued pursuant to a parentage action shall make provision for child support in accordance with Minn.Stat. ch. 518. Appellant contends that this statutory language governs the contents of a parentage order but does not create a duty of support independent of some other statutory declaration of this duty. Thus, according to appellant, the petitioner in a parentage case has a right to obtain a support order, but only where a support duty is announced by chapter 518 or another statute.

This is an unacceptable interpretation of Minn.Stat. § 257.66. By its language, the statute provides that a judgment or order "shall contain provisions concerning the duty of support." *Id.* This provision gives the petitioner under the parentage act the right to obtain support for the minor child. Chapter 518 is to be consulted in conjunction with the parentage act to direct the court in setting the amount of the support obligation. The child can initiate a parentage case, Minn.Stat. § 257.57 (1990), and a support award is appropriate in any such case under section 257.66.

Any other interpretation of this language would be contrary to the purposes of the parentage act. The parentage act defines the parent and child relationship as

the legal relationship existing between a child and the child's biological or adoptive parents incident to which the law confers or imposes rights, privileges, duties, and obligations.

Minn.Stat. § 257.52 (1990).

Appellant contends that while the law may confer the right to a parent's support upon a child, it has not done so in Minnesota. This contention rests on appellant's improper construction of section 257.66 and the further observation that there is no Minnesota statute which would allow a child to obtain a support obligation without the intervention of a parent. *See* Minn. Stat. §§ 256.87, subd. 5 (custodial parent of child not receiving public assistance has cause of action for support against absent parent), 518.17, subd. 3(a)(3) (custody orders shall contain support provision), 518.-551 (determining level of support) (1990). Independent of the plain meaning of section 257.66, we observe that the duty to provide support for one's child is a well settled common law principle, even if not specially declared by statute. *See* Roger W. Cooley, *Tiffany's Persons & Domestic Relations* at 254–55 (2d ed. 1909) ("a parent is legally, as well as morally, bound to support his children"). Moreover, many courts have held that children may maintain an action to obtain support from their parents. *Simonds v. Simonds,* 154 F.2d 326, 328 (D.C.Cir.1946); *McQuade v. McQuade,* 145 Colo. 218, 220, 358 P.2d 470, 472 (1960); *Parker v. Parker,* 335 Ill.App. 293, 300–01, 81 N.E.2d 745, 748–49 (1948); *Johnson v. Norman,* 66 Ohio St.2d 186, 188–89, 421 N.E.2d 124, 125–26 (1981) (parentage proceeding). *But see Hansberger v. Hansberger,* 182 Ga. 495, 497–98, 185 S.E. 810, 811 (1936) (in absence of statute, child cannot bring suit for support); *Yost v. Yost,* 172 Md. 128, 134, 190 A. 753, 756 (1937) (duty to support child is a moral duty and will not be legally enforced; otherwise, harmony of home and authority of parent would be disturbed). In *McQuade,* the Colorado Supreme Court wrote:

The inherent right to support belongs to the child, and there exists no reason to hinge the enforcement of such right

upon the existence or nonexistence of a statutory right in the mother to obtain a divorce or separate maintenance; or upon a statute designed for children neglected by both parents. The rights of the child exist independent of the rights of the mother, and are enforceable in equity in the absence of a statute providing for relief in the express circumstances. Any other result would indeed be anomalous, for a legal duty that cannot be enforced by legal sanction is specious at best.

*McQuade,* 145 Colo. at 220, 358 P.2d at 472.

While no Minnesota case addresses the question whether a child can maintain an independent action to obtain support from a parent, Minnesota courts have broadly declared the duty of parents to support their children. *Mund v. Mund,* 252 Minn. 442, 445, 90 N.W.2d 309, 312 (1958) (obligation of parents to support their children arises out of "legal and natural duty as members of society"). Moreover, we have recognized that the child's interests are not always co-extensive with those of the parents. *See Johnson,* 447 N.W.2d at 875–76; *LeTendre v. LeTendre,* 388 N.W.2d 412, 416 (Minn.App.1986) ("child support requirements relate to nonbargainable interests of the children" and are "less subject to restraint by stipulation" than are other elements of dissolution settlement). We agree with the *McQuade* court that full protection of the interests of a minor child depends on recognizing a child's independent right to support. *See* Minn.Const. art. 1 § 8 ("every person is entitled to a certain remedy in the laws for all injuries or wrongs"). This conclusion ratifies what we believe to be the express declaration of the parentage act.

Appellant argues that even if the child is entitled to a support award under the parentage act, Dakota County is barred from sharing in the judgment by Hennepin County's participation in the dismissed suit. Certainly, as the court noted in *Johnson v. Hunter,* the principle of res judicata bars the mother and the county from initiating a parentage action in their own behalf. *Johnson,* 447 N.W.2d at 874. However,

Dakota County's participation in the child's action is mandated by statute. *See* Minn. Stat. § 257.60 (1990) (public authority charged with the support of the child must be joined in the parentage suit). Dakota County has provided the child in this case with support through AFDC. By virtue of her receipt of AFDC funds, the child is considered to have assigned her rights to child support to the county. *See* Minn.Stat. § 256.74, subd. 5 (1990) (applicant for or recipient of AFDC benefits is considered to have assigned rights to child support on their own behalf or on the behalf of any other family member for whom application is made).

We recognize that both the mother and the county are benefitted by the court's award in that their burden to support the child is lessened. The interests of the mother or the county would be more problematic if either were apt to be reimbursed for funds spent on behalf of the child prior to dismissal of the mother's action. That relief is barred by the dismissal of the mother's suit in 1984. As to the present proceedings, however, the amount awarded to the county represents support expended on the child's behalf after the mother's suit was dismissed. While the county and mother were barred from initiating a parentage action, this does not preclude them from being relieved of burdens due to the child's success in properly pursuing relief under the parentage act.

## DECISION

The dismissal of a parentage suit initiated by the child's mother and the county did not bar the child's independent parentage action and the court properly established a support award in the child's independent parentage suit. Additionally, the county may properly share in the judgment where it has expended funds for the support of the child since the county's interests are not barred by res judicata.

Affirmed.