POWELL *v.* PRICE.

No. 15679.   FEBRUARY 6, 1947.

834

*W. C. Brinson,* for plaintiff in error. *E. L. Rowland,* contra.

CANDLER, Justice. (After stating the foregoing facts.) By their briefs counsel agree that the only question for decision is whether or not the Constitution of 1945 authorized a grand jury, convening in Johnson County next after its adoption, to reorganize the county board of education under art. 8, sec. 5, par. 1 (Code, Ann. Supp., § 2-6801), by electing new members for the staggered terms therein provided for.

In *Wheeler* v. *Fargo School District,* 200 *Ga.* 323 (37 S. E. 2d, 322), this court held that the Constitution of 1945, as it related to our Comprehensive School Law of 1919 (Ga. L. 1919, p. 288; Code, § 32-901, et seq.), changed the status of our several county boards of education from statutory to constitutional boards. And we have held in *Saxon* v. *Bell,* 201 *Ga.* 797 (41 S. E. 2d, 536), that the Constitution of 1945 did not purport to disturb our com-prehensive code of statutory school laws other than to make the offices of county school superintendent and county boards of education constitutional offices rather than statutory offices; and that a member of the board of education, whose term had not expired at the time of the adoption of the Constitution, was entitled to hold his office until his successor was elected and qualified. In this case the stipulation shows that the incumbent's term had not expired when the relator was elected as his successor; and the grand jury being without authority to select his successor, the court erred in its judgment ousting the incumbent.

*Judgment reversed. All the Justices concur.*