Quo warranto proceeding by the State, on the relation of M.R. McDonald, against James W. Moore and S. Colquitt Pardee, Jr. From the judgment, James W. Moore and S. Colquitt Pardee, Jr., appeal.
Reversed.
On the information of appellee, M.R. McDonald, writ in the nature of quo warranto was issued from the Circuit Court challenging the authority of appellants or either of them, to exercise the duties of the office of County Attorney of Highlands County. The information alleged that the Attorney General refused to institute this proceeding in the name of the State. Demurrer to the information was overruled, pleas were then filed by both defendants, demurrers to which were sustained. The case was tried on an agreed statement of facts and the Court held that the office of County Attorney of Highlands County was created by Chapter 22316, Special Acts of 1943, as amended by Chapter 23325, Special Acts of 1945, that both acts were valid and that appellee had fully established his title to the office. This appeal is from the final decree so entered.
It appears that the office of County Attorney of Highlands County was first created by Chapter 16882, Acts of 1935. Appellants have devoted much space to discussion of the validity vel non of this Act. Appellee appears to concede its validity. Of course, this Court is not bound by such concession.
However, it is our view that Chapter 16882, Acts of 1935, is a special or local law and is clearly an unconstitutional enactment. There was no publication of a notice of intention to introduce said act in the legislature as required by our Constitution, Article III, Section 21, F.S.A. Const., nor does said special law provide for a referendum.
The real question involved is "whether or not Chapter 22316, Special Acts of 1943, is void or may it be upheld as a new and independent expression of the legislative will?" It is our opinion that said law is void and that it may not be upheld as a new and independent enactment.
A cursory examination of the contents of said act discloses the fact that the subject of the act and its real purpose was the creation of the office of County Attorney of Highlands County.
The title of the 1943 law reads as follows:
"An Act to Amend Chapter 16882, Laws of Florida, 1935, by Making the Same Definitely Applicable to the Election, Compensation and Duties of the Office of County Attorney in Highlands County, Florida, and Validating Elections Held Under Said Amended Act".
There is no indication or suggestion in this title that the main purpose of the act was to create the office of County Attorney of Highlands County. Had there been an expression therein of that subject it might then have been said that all of those matters contained in the title of the act, to-wit: election, compensation and duties of the office of County Attorney would have been subjects which were germane to such title. However, to say that the matter of the creation of the office is *Page 312 
incidental and germane to the title of this act is to put "the cart before the horse". The title to this act clearly discloses the fact that it was prepared upon the assumption and presumption that the office of County Attorney of Highlands County was existent by virtue of the passage of Chapter 16882, Laws of Florida, 1935. Yet in the body of this 1943 law there is express language by which it was intended to create the office of County Attorney of Highlands County. The title of this act is misleading. Ex parte Sarros, 116 Fla. 86, 156 So. 396; Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294.
In order to hold Chapter 22316, Special Acts of 1943, to be a "clear and independent expression of the legislative will" it is necessary to strike the language of the title of the Act after the words "An Act" down to the word "Applicable" and treat the deleted language as surplusage. We cannot say that those words constitute surplusage because it would be the equivalent of saying the words are meaningless, purposeless and useless. The words thus deleted from the title of the act definitely refer to Chapter 16882, Laws of Florida, 1935, and show a clear intention to amend that law and not to enact a completely new and independent piece of legislation. Since the principal purpose and primary objective of the act was the creation of the elective office of County Attorney, that purpose was, within the meaning of Section 16, Article III of the Florida Constitution, the subject of this legislation and should have been briefly expressed in the title. The fact that it was not expressed as the subject of the act briefly or at all is patent. The title to the act failed to apprise anyone that the subject of the enactment was the creation of the office of County Attorney and is, therefore, violative of Section 16, Article III of our Constitution. State v. Ault, 129 Fla. 686, 176 So. 789; Sheip 
Co. v. Amos, 100 Fla. 863, 130 So. 699. The substance of the act, and its clear purpose, was the creation of the elective office of County Attorney of Highlands County. All other matters were incidental and probably germane thereto but the position that the converse is true is untenable.
The title of Chapter 23325, Special Acts of 1945, is flagrantly violative of Section 16, Article III of the Florida Constitution for the same reasons given with reference to the 1943 Act. The titles of the 1943 and the 1945 Acts were prepared as aforesaid upon the assumption that the office of County Attorney was already in existence as an elective office, which is not a fact.
However, it is contended that if Chapter 22316, Special Acts of 1943, is void insofar as it attempted to create the office of County Attorney of Highlands County, it is nevertheless, valid legislation and effective as such to change the method of selecting the County Attorney provided for most counties of this State, including Highlands County, in Section 125.03, F.S.A. Again we refer to the title of the so-called 1943 law. Assuming that the subject of the act was changing the method of selecting the County Attorney as provided in Section 125.03, F.S.A., from the appointive method to the elective, the title of the Act is insufficient to put one on notice that such was the purpose to be accomplished by said legislation. As aforesaid, the 1943 law attempted to create the office of County Attorney and it was that office attempted to be created thereby, which was to be an elective office, to which the language "Election, Compensation and Duties" had reference. Not only is there nothing in the title to give notice of an intention to change the existing position of County Attorney as created by Section 125.03, F.S.A., from an appointive position to an elective office but the act fails in the body thereof to accomplish such purpose for it definitely makes the office attempted to be created an elective office and nowhere directly or by inference does it change the method of selection of someone to fill the position of County Attorney as contemplated by Section 125.03, F.S.A.
It is our conclusion that the 1935 Act, the 1943 Act and the 1945 Act are, and each of said acts is, unconstitutional for the reasons set forth herein and that the judgment from which appeal was taken should be reversed.
Reversed. *Page 313 
CHAPMAN, THOMAS, SEBRING and BARNS, JJ., concur.
TERRELL, J., dissents.
ADAMS, C.J., not participating.