THOMAS, Justice.
The appellant, Gerald J. Klein, and the appellee, George E. Schulz, undertook to •qualify in the primary election of 1956 for the office of Judge of the Court of Crimes which the latter is now holding by appointment of the governor. The officials charged with supervising the election declined their request on the ground that there was no vacancy in the office to be filled at the elec■tion. Mr. Klein then brought an action in •mandamus and secured an alternative writ •commanding the Dade County Democratic Executive Committee to accept the “necessary oath, party assessment, etc.” entitling him to be a candidate for the office and commanding the Clerk of the Circuit Court to accept from him the evidences of qualification and the fees required to be paid, and commanding the Board of County Commissioners, upon the fulfillment by Mr. Klein of all prerequisites, to place his name on the ballot as a candidate for the office.
A few days after the alternative writ was issued, the incumbent, George E. Schulz, filed in the circuit court a bill for declaratory decree by which he requested the chancellor to determine whether or not a vacancy would occur in the office he held so that it would be necessary to fill the same at the elections in 1956, and, if the court decided that such an election was necessary, that the court declare the plaintiff qualified as a candidate for such office.
The circuit judge entered an order 19 April 1956 that “the peremptory writ of mandamus * * * be * * * denied” and four days later decreed in the chancery suit that Judge Schulz had been appointed to serve until the first Tuesday after the first Monday in January 1959, and that, therefore, no election should be held until the year 1958.
In an appeal from the declaratory decree, we are asked to review the judge’s decision.
The facts are undisputed. The legislature by Chapter 11975, Laws of Florida, Acts of 1927, established courts of crimes in counties of a certain population and provided that the judges of these courts should be appointed by the governor. Dade County had the required population and such a court was established there.
In Chapter 30311, Laws of Florida, Acts of 1955, the legislature provided that in counties having a population of 450,000 or more, in which a court of crimes had been established there should be two judges, and that said judges should “hereafter” be elected for a term of four years. It was specified that “The judge presently serving in the office as judge of the court of crimes shall continue in such office during that portion *408 of his unexpired term on the effective date of this act, prior to the first Tuesday after the first Monday in January, 1959; that a successor to said judge shall be elected at the general election of 1958 to assume office on the first Tuesday after the first Monday in January, 1959. The additional judge provided herein shall be appointed by the governor for the period expiring on the first Tuesday after the first Monday in January, 1957; that a successor to said judge shall be elected at the general election in 1956 to assume office on the first Tuesday after the first Monday in January, 1957.”
The act became effective 1 August 1955.
On 18 July 1955 Hon. Ray Pearson was appointed judge of the original court to serve for a term of four years, or until 18 July 1959. In January 1956 he resigned from the office to accept appointment to the circuit judgeship and the appellee, Judge George E. Schulz, was appointed to succeed him as Judge of the Court of Crimes and was commissioned to serve until the first Tuesday after the first Monday, in January 1959.
Counsel for the appellant and counsel for the appellees have argued forcefully and logically their respective theories. We will attempt accurately to set forth the positions of each.
The appellant first states that the purpose of Chapter 30311, supra, was to change the method of selecting the judges of courts of crimes from appointment by the governor to election by the people — this is obvious from an examination of Chapter 11975, supra — and that because of the use of the word “hereafter” the. new system was to begin 1 August 1955. Parenthetically, the appellant concedes that inasmuch as the court was a creature of the legislature, that body could withdraw from the governor the power to appoint the judges, placing the prerogative of selection in the electors, and that that is what was accomplished on the date the act became effective.
He argues .that although the right was transferred from the governor to the people on the effective date of the act, the exercise of the right was, in a sense, suspended during the tenure of the then, judge, that when Judge Pearson, the incumbent, resigned the conversion was completed, a vacancy occurred and that sections of the Constitution . relative to filling vacancies came into play. For instance, we are reminded that in Section 6 of Article XVIII, Constitution of the State of Florida, F.S.A., it is declared that “[t]he term of office for all appointees to fill vacancies in any * * elective offices * * * shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor”; and that by the provisions of Section 7 of the same article, an election to fill a vacancy “shall be for that part of the unexpired term commencing on the first Tuesday after the first Monday in January next.after such election”; and that under Section 9 of the same article, general elections are required to be held in 1956. But we think this cqntroversy may be decided without delving into the question of the applicability of Sections 6 and 7 of Article XVIII to statutory offices created under Section 1 of Article V of the Constitution.
Appellant further reasons that when Judge Pearson resigned in 1956, the office of Judge of the Court of Crimes became vacant under Section 114.01, Florida Statutes 1955, and F.S.A., making it necessary for the governor to appoint a successor to hold the office “until the same [should] be filled by an election as provided by law * * *_» Section 114.04, Florida Statutes 1955, and F.S.A.
If we were to accept appellant’s view, Judge Schulz could have been properly appointed to serve only until January following the election and in the elections of 1956 it would be necessary that his successor be chosen, but we cannot accept the premise for to do so would, in our opinion, require us to give too little emphasis to the remainder of Section 2 of Chapter 30311, supra; ■ which modifies the first sentence providing for the election “hereafter” of judges of courts of crimes. It is said in the following sentence that the judge then serving should continue in office for the rest of his unexpired term but only until *409 January 1959. Judge Pearson was holding the office at the time under a commission that was to expire in July 1959, therefore, the act shortened the term from1 July to January.
Appellant states in his brief that the provision relating to the effect of the act upon the holder of the office “does not imply the power in the Governor to appoint in the event that [the] particular Judge [Judge Pearson], who is particularized in the Act, determines not to serve out the period of time and the period of grace given him'by the Legislature.” As we construe this statement, the appellant insists that'it was Judge Pearson, himself, who was protected and, incidentally, that the “grace” period accorded him was the time between the elections of 1956 and 1958, and, moreover, that once he left the office the transformation took place, so that upon this eventuality the governor was empowered to appoint a successor only until the office ccvuld be filled at the following election, namely, the one to be held in 1956.
We cannot construe the act to coincide with this view. We quite agree that it is clear the legislature intended to change the original judgeships in counties where the act applied from appointive to elective offices, but we cannot agree that the provision about not disturbing the “judge presently serving” was personal to Judge Pearson, in Dade County, as if his name had appeared in the act instead of the words just quoted. It must be remembered that Chapter 30311, supra, was not a local act but one affecting all counties having a certain population. We adopt the position of the appellees that it was meant to shorten the tenure of the original judgeship so that the cycle of elections to that position should begin in 1958 in order to stagger the terms of the judgeships created by Chapter 11975, supra, and Chapter 30311, supra. We must reject the thought of. appellant that the effective date of the transformation was intended to depend on the continuance in office of an individual and accept the idea of appellees that conversion as to the original judgeship was delayed until 1959. When Judge Pearson resigned there was no law yet in effect providing for the filling of the vacancy so the governor properly appointed Judge Schulz for the unexpired term. Section 7, Article IV of the Constitution:
As we have written, it is conceded by appellant that the legislature could make the office an elective or appointive one and it seems to follow that that body could make the new judgeship elective beginning with the election of 1956 and make the original judgeship elective beginning with the election in 1958.
We find no such ambiguity or uncertainty in the language of Chapter 30311, supra, as calls for application of the rule that doubt should be resolved in favor of affording the people an opportunity to. make a choice in 1956. State ex rel. Ayres v. Gray, Fla., 69 So.2d 187; State ex rel. West v. Gray, Fla., 70 So.2d 471; Ervin v. Collins, Fla., 85 So.2d 852.
The decree is affirmed.
DREW, C. J., and TERRELL and O’CONNELL, JJ., concur.
THORNAL, J., concurs specially.
HOBSON and ROBERTS, JJ., hot participating.