HOBSON, Justice (Ret.).
This is an appeal from a decree of the Circuit Court for Charlotte County entered in a proceeding for declaratory relief filed on January 7, 1963, by the Board of Public Instruction of Charlotte County to determine the effect of a referendum held pursuant to amended Article XII of the Florida *521 Constitution as adopted in 1962, F.S.A. providing- :
“(1) The county superintendent of public instruction shall be appointed by the county board of public instruction in the counties of Alachua, Charlotte * * * wherein the proposition is affirmed by a majority vote of the qualified electors of any such county making the office of county superintendent of public instruction appointive.” (Italics supplied.)
Appellant, prior to this amendment, was elected to a term as superintendent running through January, 1965. Results of the election adopting the above amendment were certified on December 29th, 1962, following affirmative vote of 1917 out of the 3225 qualified electors casting ballots (1308 against), said 3225 electors constituting less than 50% of the registered voters qualified. After reciting abandonment of issue (1) below by respondent in his brief in the nisi prius court, that court construed the amendment above as terminating the appellant’s incumbency and held:
“1. A sufficient number of qualified electors voted in the Special Election held in Charlotte County, Florida on December 28, 1962, making the office of Superintendent of Public Instruction appointive.
"2. The term of the Incumbent Superintendent of Public Instruction, W. S. HANCOCK, expired upon the effective date of the referendum, and the elective office of Superintendent of Public Instruction in Charlotte County, Florida has been abolished by Constitutional Amendment.
“3. The respondent, W. S. HANCOCK, is not entitled to any of the emoluments of his office for his elected term, and is not entitled to any salary or compensation as an incident to his elected term.
“4. The said respondent is hereby ordered'and required to immediately vacate his office and turn over to his successor in office all matters and things responsibility for which he is chargeable for by law.”
We are of the opinion that the question raised in this case which was answered by the able Circuit Judge in paragraph 2 quoted above from his final order is the pivotal query involved and the correct answer to said question is dispositive of all others.
We have had little difficulty in determining that amended Article XII of the Florida Constitution as adopted in 1962 did not abolish the office of Superintendent of Public Instruction in Charlotte County upon an affirmative vote of the majority of the qualified electors of such county. We find no language in amended Article XII which specifically states or even suggests that ‘‘the office of county superintendent of public instruction” was intended to be abolished. (Italics supplied.) On the contrary, the use of the words “the office” in Section (1) of Amended Article XII is a recognition of the existence of such office and definitely presupposes the continuance thereof. This amendment provided only for a change in the method of selecting a Superintendent of Public Instruction in the several counties named therein in the event a majority of the qualified electors of any such county should vote affirmatively on the “proposition.” Said amendment deals only with the office of County Superintendent of Public Instruction — not with the present or any future incumbent as such.
The trial judge approached the critical question herein by reasoning correctly that amended Article XII is self-executing and that it is not subject to legislative implementation. He stated:
“The clear and unmistakable language of the Amendment is to the effect that the office of Superintendent of Public Instruction is to be an appointive office in the particular Counties therein upon a vote of the qualified electors indicating this preference *522 in a local Referendum election. This clearly repeals and abolishes any particular Section or Article of the Constitution heretofore enacted provided (sic.) for the election of a County Superintendent. It is a necessary result of this operation of law that the term of the incumbent Superintendent of Public Instruction of Charlotte County, Florida automatically expired upon the completion of the local referendum election.”
We agree with his pronouncements except the last one quoted above to the effect that the term of the incumbent Superintendent “automatically expired upon the completion of the local referendum election.”
■ This conclusion is consonant with paragraph 2 hereinabove quoted from the order rendered by him. We believe and hold that, regardless of the fact that amended Article XII of our Constitution is self-executing, upon a majority of the qualified electors voting for the change in the method of selecting the Superintendent of Public Instruction, the office was not abolished nor, and perhaps more important, was such office, if abolished, in any way recreated.
The trial judge fell into error, we think, when he attempted to make a distinction between the existing elective office of superintendent and a mythical appointive office of superintendent. We have been unable to find any basis for the existence of the office of Superintendent of Public Instruction or for the term of such office except in Section 6 of Article VIII of the Florida Constitution. There is but one office.
It appears to us to be incongruous to say that under amended Article XII the office of Superintendent of Public Instruction of Charlotte County was abolished upon the approval of a majority vote of the qualified electors in said county, yet hold, in the face of the fact that amended Article XII does not even suggest the recreation of such office, that a vacancy could be declared to exist in the office so abolished.
We hold that amended Article XII of our Constitution, when approved by a majority vote of the qualified electors in specified counties, simply changed the method of selecting a County Superintendent of Public Instruction in such counties when the existing office might become vacant by reason of the expiration of the term of office to which the incumbent was elected or upon his death, resignation or removal from office.
Amended Article XII, as proposed and adopted, does not specifically or by inference repeal the provision of Article VIII, Section 6 of the Florida Constitution which provides for a four-year term of office for all county superintendents of public instruction. We find in Amended Article XII no repeal of any constitutional provision relating to the office of county superintendent except the proviso that such office shall be elective.
We do not deem it necessary to cite any of the myriad of cases wherein we have, without exception, held that under our system of three distinct, separate and independent branches of government — executive, legislative and judicial — no one of them should infringe upon the province of either of the others. Courts construe and interpret the laws, but they do not make them. They should never assume the prerogative of judicially legislating. The legislature prepared, enacted and presented to the electorate of Florida the clear, succinct and unambiguous provisions of amended Article XII and permitted, after the adoption of said amendment, the qualified electors of designated counties to affirm or reject the proposed change in the method of selecting a person to fill the office of county superintendent of public instruction —when a vacancy might exist — this and nothing more. Indeed, amended Article XII, although self-executing, is clearly designed to be prospective only in its operation.
*523 The final order or decree rendered in the Circuit Court in and for Charlotte County, Florida, in this cause should be and is hereby reversed with directions that a final order or decree consistent with the pronouncements made in this opinion be entered.
It is so ordered.
TERRELL, Acting C. J., and THOMAS, ROBERTS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.