ROBERTS, Justice.
This is an appeal from a judgment of the Circuit Court for Collier County entered in a proceeding in Quo Warranto filed October 24, 1967, by relator-appellant W. D. Reynolds to determine the effect of Section 6A of Article VIII of the Constitution of Florida, F.S.A. This constitutional provision was adopted in 1966 and provides as follows:
“In those counties authorized to appoint a superintendent of public instruction under Article XII of the state constitution the superintendent shall serve at the pleasure of the board provided that the board may enter into a contract of employment with such appointed county superintendent which contract shall not extend beyond the thirtieth day of June in the year in which the terms of a majority of the members of the board of public instruction shall expire. The county superintendent shall not be commissioned by the governor but shall be required to file with the county board of public instruction a good and sufficient bond and in such sum and upon such condition as the legislature by law shall prescribe for elective superintendent as provided by Section 7, Article VIII of the state constitution. Added, general election, Nov. 8, 1966, eff. Nov. 9, 1966.”
Prior to this amendment under the then applicable provisions of Section 6, Article VIII, Florida Constitution, appellant was elected as Superintendent of Public Instruction of Collier County in the general election of 1952 and re-elected for successive four-year terms commencing in 1957 and 1961. His last elective term expired in January, 1965. During appellant’s last elective term the Florida Legislature adopted a resolution proposing an amendment to Section 2 of Article XII, Constitution of Florida, providing that the county superim tendent in fifteen counties, including Collier, would be appointed by the county board of public instruction should the amendment be adopted statewide and approved by special referendum in the several counties. The proposed amendment, Section 2B of Article XII, was adopted at the general election held November 6, 1962, and approved in Collier County on November 5, 1963.
At a meeting of the Board of Public Instruction of Collier County held March 2, 1964, a resolution was passed appointing Mr. Reynolds to a term of two years commencing at the expiration of his elective term in January, 1965. This action was ratified by the Board on January 18, 1965, following the expiration of his elective term; however, the Secretary of State declined to issue a commission to Mr. Reynolds, under the then applicable provisions of Section 7, Article VIII, on the ground that the term of office prescribed by Section 6, Article VIII, was for four years, *427 and the two-year term was inconsistent therewith. Thereafter, Mr. Reynolds served without commission until the Board appointed him to a term beginning May 31, 1966, and ending on the first Monday in January 1969 — thereby, in effect, appointing him to the full four-year term prescribed by Section 6, Article VIII. Upon presentation of a copy of these minutes to the Secretary of State, a formal commission, dated May 31, 1966, was issued to Mr. Reynolds signifying his right to the office for the stated term.
In the November 1966 general election —some five months after Mr. Reynolds was commissioned — Section 6A of Article VIII, quoted above, was adopted by the people and became a part of our organic law. On August 2, 1967, some fifteen months after the issuance of Mr. Reynolds’ commission and approximately nine months after the adoption of the amendment, the Board by appropriate motion declared the office of Superintendent of Public Instruction of Collier County to be vacant and appointed the respondent, John D. Roan, to the office. This proceeding in Quo War-ranto, testing the right and authority of Mr. Roan to hold the office, was instituted by the appellant, as Relator, and the Alternative Writ was issued, directed to Mr. Roan. By the judgment here reviewed, the Circuit Judge construed the constitutional provisions referred to above and concluded that Mr. Reynolds was not entitled to the office and that Mr. Roan was “duly and properly” appointed to the office and is the rightful holder thereof. This appeal by Mr. Reynolds followed, as authorized by Section 4(2), Article V, Florida Constitution.
The question here is whether Section 6A, Article VIII, supra, was properly interpreted by the Board, and by the Circuit Judge in the judgment sub judice, as authorizing the summary removal from office of an incumbent superintendent of public instruction who is serving an unexpired term under a valid appointment by the Board and under a properly issued and unexpired commission signed by the Governor of this state. This question must be answered in the negative.
As noted above, Section 2B, Article XII, adopted in the general election of 1962, amended the constitutional provision (Section 6, Article VIII) under which county officers — including the office of county superintendent of public instruction —were required to be elected for a four-year term, by providing that in those counties approving the proposed amendment the office of county school superintendent should be filled by appointment by the county school board. In a case brought to this court soon after the adoption of the amendment in Charlotte County, Hancock v. Board of Public Instruction, Fla.1963, 158 So.2d 519, it was held that the incumbent was entitled to serve out the four-year term of office as Superintendent of Public Instruction of Charlotte County to which he had been elected. This court pointed out that the amendment was not intended to and did not abolish the office of county superintendent of public instruction nor change any of the other constitutional or statutory provisions relating thereto; that it
“ * * * simply changed the method of selecting a. County Superintendent of Public Instruction in such counties when the existing office might become vacant by reason of the expiration of the term of office to which the incumbent was elected or upon his death, resignation or removal from office.” 158 So.2d at page 522.
It was also pointed out in the Hancock case that the amendment “is clearly designed to be prospective only in its operation.” 158 So.2d at page 522.
We can find nothing in Section 6A, Article VIII, which specifically or by necessary inference indicates an intention to authorize the county school boards in the various counties that have, since 1962, ratified and approved Section 2B of Article XII, supra, to cut short the tenure of of *428 fice o.f the incumbent county school superintendents appointed by them to a four-year term as required by Section 6, Article VIII, prior to its amendment by Section 6A of the same article. The duties of a county school superintendent, whether elected by the people or appointed by a county school board, have not been changed and are exactly the same. The office of county school superintendent is no less a constitutional office, or the appointee a constitutional officer, merely because the local board of public instruction has been granted the power to make the appointment, receive the bond of the appointee, and enter into a contract with him.
Appellant was a duly appointed constitutional officer for a term ending in January, 1969, and his right to exercise the duties of the office and enjoy the emoluments thereof is a species of property which the law will protect and will also redress if wrongly deprived of it. Section 12, Declaration of Rights, Florida Constitution; Fourteenth Amendment, United States Constitution; State ex rel. Hatton v. Joughin, 1931, 103 Fla. 877, 138 So. 392. Admittedly, the sovereign power creating the office — in this case, the people speaking through the Constitution — can abolish it at will, or the term of office may be shortened, including that of the incumbents, when this becomes necessary in making a fundamental change in the office. See Hall v. Strickland, Fla.1965, 170 So.2d 827; Klein v. Schulz, Fla.1956, 87 So.2d 406. But we think that an intention to apply the shortened term of an office, or the changed qualifications thereof, to an incumbent, resulting in his ouster from the office before the end of his term, must be clearly expressed in the statute or constitutional amendment making the change before it will be given that effect. Such an intention was clearly and unequivocally expressed in the constitutional and statutory provisions with which we were concerned in the Hall and Klein cases, supra; and this appears to be the well settled rule among courts of other jurisdictions. See 16 Am.Jur.2d, Constitutional Law, Section 48, PP. 218-219; Farrell v. Pingree (1888) 5 Utah 530, 16 P. 843; State ex rel. Stutsman v. Light (1938) 68 N.D. 513, N.W. 777; Powell v. Price (1947) 201 Ga. 833, 41 S.E.2d 539.
In summary, we are of the opinion that the amendment was prospective in application and intended to supplement the appointive powers of the Board of Public Instruction, thereby making the office of school superintendent more responsive to the body elected by the people. The Board may appoint a person to the office to serve “at its pleasure,” that is, for an indefinite term; or it may appoint under a contract of employment extending only to a certain determinable date. If the officer takes the appointment without contract, he may serve only until the Board releases him; however, if he enters into a contract with the Board, he may then serve to the end of his contracted term. The Board may not arbitrarily vitiate the contract, but it may, of course, elect not to reappoint an incumbent office holder. Whether this is such a “fundamental change” in the characteristics of the office as would have justified the cutting short of the terms of the incumbents need not be decided since, as noted, in the absence of clear and unequivocal expression to this effect, we cannot assume that it was intended to apply to and give the Board the right to cut short the terms of the incumbents.
Accordingly, the judgment of the Circuit Court is reversed and the cause is remanded for disposition not inconsistent with this opinion.
It is so ordered.
CALDWELL, C. J., DREW, THOR-NAL, ERVIN and ADAMS, JJ., and SPECTOR, District Court Judge, concur.