QUESTIONS: 1. Does the repeal of Chs. 27476, 1951, and 61-1594, Laws of Florida, creating, and describing the duties of, the elective office of County Attorney of Columbia County abolish that office notwithstanding that there is an incumbent in that office as of the effective date of the repeal? 2. Does the Board of County Commissioners of Columbia County then have authority to retain a person or persons to perform the duties formerly performed by the elected county attorney?
SUMMARY: Provided there are no exceptional circumstances which would compel a different result, if Chs. 27476, 1951, and 61-1594, Laws of Florida, are repealed by the Florida Legislature, the elective office of County Attorney of Columbia County will cease to exist as of the effective date of that repeal and the present incumbent on that date would no longer be entitled to exercise the functions of that office or to claim compensation therefor. When and if the elective office of County Attorney of Columbia County is abolished by the Florida Legislature, the board of county commissioners of that county would have the authority under general law to assign to some person or persons all or part of the powers and duties of a nongovernmental nature which are now being performed by the present holder of that office. Section125.01(1)(b) and (3)(a), F.S. AS TO QUESTION 1: Chapter 27476, 1951, Laws of Florida, as amended by Ch. 61-1594, id., provides that the County Attorney of Columbia County shall be elected by the qualified electors of that county and shall "hold office for a term of four years." The law then describes the manner of the election of the county attorney, his duties, the basis for and manner of his removal, and his compensation. It is a long-established rule that, where an office is of legislative creation, the Legislature may, unless prohibited by the Constitution, control, modify, or abolish it whenever such a course may seem necessary, expedient, or conducive to the public good. Jacksonville v. Smoot, 92 So. 617 (Fla. 1922); Hall v. Strickland, 170 So.2d 827 (Fla. 1965); see State ex rel. Reynolds v. Roan, 213 So.2d 425 (Fla. 1968); and City of Miami Beach v. Smith, 251 So.2d 290 (3 D.C.A. Fla., 1971). Moreover, if a public office is the creation of some law, it continues only so long as the law to which it owes its existence remains in force; hence, when such law is authoritatively abrogated, the office ceases unless perpetuated by virtue of some other legal provision. [See] 67 C.J.S. Officers s. 10a, p. 121.
The legislative power to abolish an office may be exercised any time, even while the office is occupied by a duly elected incumbent. Jacksonville v. Smoot, supra; Hall v. Strickland, supra, at 831. Where an office is in fact and law abolished by the Legislature or the people, it ceases to exist and, with certain exceptions, the incumbent is no longer entitled to exercise the functions thereof or to claim compensation for so doing. See 63 Am. Jur.2d Public Officers s. 37, p. 649. For the possible exceptions to this general rule, see State ex rel. Reynolds v. Roan, supra (where the law is amended and the legislative intent to abolish is unclear); 63 Am. Jur.2d Public Officers s. 37, p. 649 (where the incumbent has a contract apart from his office to perform the functions thereof); and 67 C.J.S. Officers s. 10b, p. 122 (where the office is abolished in bad faith as a pretense for removing a particular incumbent). Applying the foregoing principles to the instant situation, I have no reason to believe that the exceptions to the general rule would be applicable here. Thus, if Chs. 27476, 1951, and 61-1594, Laws of Florida, are repealed by the Florida Legislature, the elective office of County Attorney of Columbia County will apparently cease to exist as of the effective date of that repeal. The present incumbent on that date would no longer be entitled to exercise the functions of that office or to claim compensation therefor. Your first question is answered in the affirmative. AS TO QUESTION 2: As to the authority of the Board of County Commissioners of Columbia County to assign to some other person or persons the duties of the elective office of county attorney of that county when and if that office is abolished by the Florida Legislature, Art. II, s. 5(c), State Const., provides that "[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law." (Emphasis supplied.) The term "officer" has been defined to imply "a delegation of a portion of the sovereign power to, and possession of it by, the person filling the office." In re Advisory Opinion to the Governor, 63 So.2d 321, 325 (Fla. 1953); cf. AGO's 073-217, 072-380, and 071-347. The enactment of a board of county commissioners is not a "law" within the purview of the Florida Constitution. See Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 324 (Fla. 1972). Thus, it would appear that, with respect to the instant inquiry, the Board of County Commissioners of Columbia County may not confer on any person or persons any of the sovereign or governmental powers or duties which may now adhere to the elective office of county attorney of that county pursuant to special law. As to the constitutionality of such a special law, see Art. III, s. 11(a)(1), State Const.; Moore v. State, 41 So.2d 310 (Fla. 1949). Subject to the foregoing limitation, however, I am of the opinion that, when and if the elective office of County Attorney of Columbia County is abolished, the board of county commissioners of that county may assign to some person or persons the functions of that office (e.g., rendering legal advice and assistance to the board concerning its powers, duties and functions and representing the county in the prosecution and defense of legal causes). The authority to do so derives from s. 125.01(1)(b), F.S., providing that, to the extent not inconsistent with general or special law, the legislative and governing body of a county shall have the power to "[p]rovide for the prosecution and defense of legal causes in behalf of the county or state and retain counsel and set their compensation;" and s. 125.01(3)(a), id., granting counties implied powers necessary or incident to carrying out the powers enumerated in s. 125.01, id., including "authority to employ personnel, expend funds, enter into contractual obligations. . . ." See also State ex rel. Hines v. Culbreath, 174 So. 422, 425
(Fla. 1937); Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); cf. AGO 058-178.