John R. Weed Attorney Board of County Commissioners Taylor County Perry
QUESTION:
Does a special act which substitutes the Taylor County Board of County Commissioners in place of the Governor as the appointing authority for the governing board of trustees of a county hospital operate to terminate the terms of office of the incumbent board members and thereby require the board of county commissioners to appoint a new board of trustees?
SUMMARY:
A special act which substitutes the board of county commissioners in place of the Governor as the appointing authority of a county hospital governing board of trustees does not terminate the staggered terms of office of the incumbent members nor does such special act require or authorize the board of county commissioners to appoint an entire new board of trustees. To the contrary, such legislationappears to have been designed to operate prospectively; therefore, it authorizes the board of county commissioners only to appoint successors to the incumbent members upon the expiration of their terms of office. The successors must be appointed to serve the staggered terms of office of their predecessors.
Your question is answered in the negative.
Pursuant to Ch. 31319, 1955, Laws of Florida, as amended by Ch. 61-2938, Laws of Florida, the Taylor County Board of County Commissioners was authorized to enter into a lease purchase contract to purchase Taylor County Hospital. Prior to its amendment by Ch. 78-622, infra, s. 4 of Ch. 31319 provided for a governing board of trustees for the hospital (now apparently called Doctors Memorial Hospital) consisting of five members to be appointed by the Governor to serve staggered terms of 1 to 5 years. In addition, s. 8 of Ch. 31319 formerly required the members of the board to hold office until the appointment of their successors by the Governor.
The 1978 Legislature, however, amended s. 4 of Ch. 31319 to require the Board of County Commissioners of Taylor County rather than the Governor to appoint the five members of the hospital's governing board. Section 1, Ch. 78-622, Laws of Florida. This opinion assumes the validity of Ch. 78-622, supra. See s. 11(a)(1), Art. III, State Const., prohibiting the passage of special laws pertaining to the jurisdiction or duties of state and county officers, cf. Wilson v. Hillsborough County Aviation Authority, 138 So.2d 65 (Fla. 1962); and s. 1(f), Art. IV, State Const., which requires that vacancies in state or county office be filled by the Governor unless otherwise provided in the constitution, cf. Carol City Utilities Inc. v. Dade County,183 So.2d 227 (3 D.C.A. Fla., 1966), and s. 114.04, F. S. Chapter 78-622 also amended s. 8 of Ch. 31319 to provide that the members of the hospital board therein provided for are to hold office until the appointment of their successors by the board of county commissioners. Cf. s. 5(b), Art. II, State Const., requiring, among other things, that each county officer qualifying for an office `continue in office until his successor qualifies.' It is important to emphasize, therefore, that the substitution of the Taylor County Board of County Commissioners in place of the Governor as the appointing authority for the hospital board is the only textual change effected by Ch. 78-622.
From an examination of Ch. 31319, as amended, it is assumed that the members of the hospital governing board are statutory county officers. A public officer has been held to possess a property right in his office, which right may not be unlawfully taken away or illegally infringed upon. See Holley v. Adams, 238 So.2d 401,407 (Fla. 1970); Piver v. Stallman, 198 So.2d 859, 862 (Fla. 1967). Accordingly, under the general rule, any elective or appointive officer, properly qualified and serving, remains such an officer until removed or the office becomes vacant by operation of law. 67 C.J.S. Officers s. 46, p. 199; see also State ex rel. Landis v. Bird, 163 So. 248, 254 (Fla. 1931), in which the Supreme Court observed that
 [a]n office which the law contemplates shall continue in existence as created until abolished remains in existence unless otherwise provided by law even though the beginning of the cycle terms of office be changed, and the incumbent continues in office after the expiration of his term until the new cycle term begins under an amendment of the law.
Thus, while it is clear that the Legislature is empowered to abolish an office even during the term of the incumbent (City of Jacksonville v. Smoot, 92 So. 617, 623 [Fla. 1922]), as well as to shorten terms of office even though occupied by an incumbent (Klein v. Shultz, 87 So.2d 406 [Fla. 1956]), it has been held that a legislative intention to do so must be clearly expressed in the statute or constitutional amendment before the enactment will be applied to oust an incumbent from office before the end of his term. See state ex rel. Reynolds v. Roan, 213 So.2d 425, 428 (Fla. 1968). No such legislative intent is clearly manifested in the title, purview, or body of Ch. 78-622, Laws of Florida.
In State ex rel. Reynolds v. Roan, supra, the Supreme Court ruled that a constitutional amendment which provided that school superintendents shall serve at the pleasure of their appointing board did not authorize a school board to oust the incumbent superintendent who had received a preamendment appointment from the board to serve for a fixed term beyond the amendment's effective date. The court explained its decision as follows:
 . . . [W]e think that an intention to apply the shortened term of an office or the changed qualifications thereof, to an incumbent, resulting in his ouster from the office before the end of his term, must be clearly expressed in the statute or constitutional amendment making the change before it will be given that effect. [213 So.2d at 428; emphasis supplied.]
Similarly, in Hancock v. Board of Public Instruction of Charlotte County, 158 So.2d 519, 522 (Fla. 1963), the court held that passage of a referendum approving a constitutional amendment making the office of county superintendent of public instruction appointive rather than elected did not terminate the term of the incumbent superintendent. To the contrary, the court ruled that the amendment did not purport to abolish the office of superintendent but merely constituted a `change in the method of selecting a person to fill the office of county superintendent of public instruction — when a vacancy might exist — this and nothing more.' 158 So.2d 522. Ch. Hall v. Strickland, 170 So.2d 827,831-832 (Fla. 1964), in which the court upheld an amendment to the Dade County Charter which terminated the offices of certain incumbent judges; the court noted that the amendment, by providing that appointment to the office of judge of the Metropolitan Court of Dade County would henceforth be subject to the approval of the electorate, worked a `substantial change in the method of selection' of such judges so as to justify the shortening of the terms of the incumbents.
Application of the foregoing principles to your inquiry leads me to conclude that Ch. 78-622 was designed to operate prospectively with regard to appointment of the members of the hospital board.See 82 C.J.S. Statutes s. 432, pp. 1005, 1006, stating the general rule that amendatory acts are ordinarily prospective in operation; and see also Hancock v. Board of Public Instruction of Charlotte County, supra, at 522. In other words, there is nothing in Ch. 78-622, Laws of Florida, which indicates that the Legislature intended to shorten the terms of incumbent members of the hospital board of trustees or to abolish the offices to which they were appointed by the Governor. To the contrary, Ch. 78-622
requires only that, upon the expiration of the term of an incumbent member of the board, his successor must be appointed by the board of county commissioners rather than the Governor. Moreover, it should be noted that s. 4 of Ch. 31319, as amended by Ch. 78-622, continues to require that the members of the hospital board serve staggered terms of office. Thus, for example, upon the expiration of an incumbent's 3-year term of office, his successor should be appointed to serve an identical 3-year term.
Prepared by: Patricia R. Gleason, Assistant Attorney General