Mr. Thomas C. Saunders, Chair Tenth Circuit Judicial Nominating Commission Post Office Box 2188 Bartow, Florida 33831-2188
Dear Mr. Saunders:
As Chair of the Tenth Circuit Judicial Nominating Commission you have asked for my opinion on substantially the following question:
Does the resignation of a circuit court judge on June 20, 2000, create a vacancy which must be filled by gubernatorial appointment or by election at the general election of November 2000?
In sum:
In light of the language of Article V, section 11, Florida Constitution, the resignation of a circuit court judge under these circumstances creates a vacancy which must be filled by appointment by the Governor for a term of office to end in January 2003.
According to your letter, Judge Robert Young, a Circuit Court Judge of the Tenth Judicial Circuit, announced his resignation effective June 20, 2000. Judge Young's term in office would have expired January 2, 2001. Given the recent amendments to Article V, Florida Constitution, and the case law interpreting the prior constitutional provisions, you question whether the vacancy created by Judge Young's resignation is one which must be filled by gubernatorial appointment or by election. Because of the involvement of the Tenth Circuit Judicial Nominating Commission in the appointment process for this judgeship, you have requested this office's assistance.
In a number of previous opinions, the Florida Supreme Court has considered the question of whether an election or appointment is the appropriate method for filling judicial vacancies. As the Court stated in Spector v. Glisson,[1] one of the most significant cases in this area:
"We have historically since the earliest days of our statehood resolved as the public policy of this State that interpretations of the constitution, absent clear provision otherwise, should always be resolved in favor of retention in the people of the power and opportunity to select officials of the people's choice, and that vacancies in elective offices should be filled by the people at the earliest practical date."[2]
The Spector v. Glisson Court recognized that the Governor's judicial appointment power is an interim or "stop gap" measure for insuring that vacancies in office are avoided or minimized.[3]
In Judicial Nominating Commission, Ninth Circuit v. Graham,[4] a 1982 Florida Supreme Court case, the judicial nominating commission sought a writ to direct the Governor to use the merit selection process to fill judicial vacancies. The Governor had called a special election to fill these vacancies. The court concluded that "the constitution mandates an election when there is sufficient time to afford the electorate an opportunity to fill a judicial vacancy."[5] In making its determination, the Court relied on a construction of Article V, sections 11(b) and (c), Florida Constitution (1982), which stated:
"(b) The governor shall fill each vacancy on a circuit court or on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term.
(c) The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended by the governor for a time not to exceed thirty days. The governor shall make the appointment within sixty days after the nominations have been certified to him."[6]
The Court looked to the underlying rationale for Article V, section 11(b) and (c), Florida Constitution, and read these constitutional provisions to require the use of the electoral process.
The Court recognized that this interpretation of the Constitution might result in an extended period during which there was a vacancy on the bench. However, the Court noted that two suggested remedies were presented by the 1978 Constitutional Revision Commission but not adopted. The first would have extended the merit-selection, merit-retention process to the appointment of trial judges. The second suggestion would have retained the process of election for trial judges but provided for the filling of trial court vacancies in the same manner as appellate court vacancies, with the appointment being for a term ending on the first Tuesday after the first Monday in January of the year following the next general election occurring at least one year after the date of appointment. The Court noted that "[a]dding the phrase `occurring at least one year after the date of appointment' would have eliminated the problem that the Ninth Circuit is experiencing in this case."[7]
In 1995 the Florida Legislature created the Florida Article V Task Force to review the judicial article of the Constitution.[8] Among those issues which the Legislature directed the task force to review were selection and retention of trial judges and the minimum term of office for circuit court and county court judges. In the Final Report of the Florida Article V Task force, dated December 1995, the task force proposed that judicial vacancies be filled by gubernatorial appointment for a minimum term of at least one year before facing an election.[9] To implement its proposal, the Task Force developed model legislation amending Article V, Florida Constitution, to include the phrase "occurring at least one year after the date of appointment."[10]
In response to the Task Force recommendation, Senate Joint Resolution 978 was submitted to the electors and approved at the General Election in November 1996. Among other matters, the Joint Resolution addressed judicial vacancies and terms of office. Article V, section 11(b), Florida Constitution (1996), stated:
"The governor shall fill each vacancy on a circuit court or on a county court, wherein the judges are elected by a majority vote of the electors, by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election occurring at least one year after the date of appointment, one of not fewer than three persons nor more than six persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term." (e.s.)
The Florida Supreme Court suggested this change in constitutional language in Judicial Nominating Commission, Ninth Circuit v.Graham;[11] the Article V Task Force proposed its adoption in 1995;[12] the Florida Legislature presented it to the electors on the ballot in 1996 and it was adopted.[13] This constitutional amendment strikes a balance between the expressed concern for a minimum term of service for appointed circuit and county judges
and the public policy favoring elections for offices which are subject to election.
The constitutional changes to Article V and the rationale for these changes as discussed above lead me to conclude that the Governor is authorized to make a judicial appointment for any vacancy occurring on the circuit or county court bench,[14]
including the current vacancy in the Tenth Judicial Circuit. The term of this gubernatorial appointment is to end on the first Tuesday after the first Monday in January of the year following the next primary and general election occurring at least one year after the date of appointment.
Thus, the person appointed by the Governor in the instant situation will serve a term ending in January 2003. The Constitution provides that "[a]n election shall be held to fill that judicial office for the term of the office beginning at theend of the appointed term." The successor to this appointed judicial office will stand for election in the primary and general elections in 2002 and will take office in January 2003.
In sum, the resignation of a circuit court judge under these circumstances creates a vacancy which may be filled by appointment by the Governor for a term of office to end in January 2003, pursuant to the language of Article V, section 11(b), Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] 305 So.2d 777 (Fla. 1974).
[2] Spector v. Glisson, 305 So.2d 777, 781 (Fla. 1974), citingWeeks v. Gamble, 13 Fla. 9 (1870); Klein v. Schulz, 87 So.2d 406
(Fla. 1956); State ex rel. Ayres v. Gray, 69 So.2d 187 (Fla. 1953); State ex rel. West v. Gray, 70 So.2d 471 (Fla. 1954); Ervin v. Collins, 85 So.2d 852 (Fla. 1956).
[3] And see, In re Advisory Opinion to the Governor,600 So.2d 460 (Fla. 1992).
[4] 424 So.2d 10 (Fla. 1982).
[5] Id. at 10.
[6] Id. at 11.
[7] 424 So.2d at 12. The proposal of the Constitutional Revision Commission read as follows:
"Section 11. Vacancies. —
(a) The governor shall fill each vacancy on the supreme court, on a district court of appeal, on a circuit court, or on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next general election occurring at least one year after the date of appointment, one of not fewer than three persons nominated by the appropriate judicial nominating commission."
[8] See, Final Report of the Florida Article V Task Force, dated December 1995. The Task Force was created by the Florida Legislature in Chapter 94-138, Laws of Florida, to review the judicial article of the Constitution.
[9] Final Report of the Florida Article V Task Force, dated December 1995. Recommendation #8 from the final report states:
"[T]he Task Force unanimously adopted a motion to provide appointees to the trial court the same minimum term of office that is provided to appointees to the supreme court and the district courts of appeal. The Task Force determined that a minimum term of office would serve several functions. First, it would enhance the quality of candidates applying for the bench because many persons are unwilling to sacrifice successful legal practices for the uncertainty that they could face an election challenge immediately after taking office. Second, the minimum one-year term of office would afford the newly appointed judges the opportunity to develop skills as judges and not be forced to immediately wage a campaign. Third, the minimum one-year term would provide the newly appointed judge the opportunity to develop a record before facing an opponent."
[10] See, Final Report of the Florida Article V Task Force, dated December 1995, p. 23 et seq.
[11] 424 So.2d 10 (Fla. 1982).
[12] Task Force Recommendation #8, supra, n. 9.
[13] Senate Joint Resolution No. 978, Laws of Florida (1996), approved at the November 1996 General Election.
[14] I would note that the Department of State, Division of Elections, has come to the same conclusion in a recent legal memorandum. See, Memorandum to Clay Roberts, Director, Division of Elections, from Kristi Reid Bronson, Assistant General Counsel, dated April 21, 2000.